CAUSE NO. 23-2967-393 _____

| | | |
|---|---|---|
| **NATHAN HANSEN,** | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | _____ JUDICIAL DISTRICT |
| | § | |
| **WINDSONG RANCH** | § | |
| **COMMUNITY ASSOCIATION,** | § | |
| **INC., TELLUS GROUP, LLC, AND** | § | |
| **CAPITAL CONSULTANTS** | § | |
| **MANAGEMENT CORPORATION** | § | |
| | § | **DENTON COUNTY, TEXAS** |
| **Defendants.** | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Nathan Hansen ("**Plaintiff**" or "**Mr. Hansen**") files his Original Petition, complaining of Defendants Windsong Ranch Community Association, Inc. ("**Windsong**"), Tellus Group, LLC ("**Tellus**"), and Capital Consultants Management Corporation ("**CCMC**")(collectively, "**Defendants**"), and alleges as follows:

## I.
## DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level III of Texas Rules of Civil Procedure 190.4.

## II.
## JURISDICTION AND VENUE

2. Venue is proper in Denton County under §15.002(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, because Denton County, Texas is where all or a substantial part of the events giving rise to the claim occurred.

3. Subject matter jurisdiction exists because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

4. Personal jurisdiction over Defendants exists because Defendants transact business in the State of Texas, owned or controlled the premises where the occurrence in question took place, and/or committed torts in Texas.

5. Plaintiff seeks relief in accordance with TEX. R. CIV. P. 47(c)(3).

## III.
## PARTIES AND SERVICE

6. Plaintiff Nathan Hansen is an individual residing in Denton County, Texas. The last three digits of Plaintiff's driver's license are 655.

7. Defendant Windsong Ranch Community Association, Inc. is a domestic nonprofit corporation with its principal place of business in Scottsdale, Arizona. Service has been perfected to Defendant's registered agent.

8. Defendant Tellus Group, LLC is a foreign limited liability company organized under the laws of Delaware with its principal place of business in Minneapolis, Minnesota. Service has been perfected to Defendant's registered agent.

9. Defendant Capital Consultants Management Corporation is a domestic for-profit corporation with its principal place of business located at 8360 E. Via De Ventura, Suite L-100, Scottsdale, Arizona 85258. The registered agent's address on the Secretary of State website is no longer correct. As a result, service may be had upon Defendant by serving the Secretary of State of Texas, 1019 Brazos Street, Austin, Texas 78701.

## IV.
## ASSUMED NAMES AND ALTER EGOS

10. Under TEX. R. CIV. PRO. R. 28 Plaintiff brings suit against all joint ventures, partnerships, unincorporated associations, individuals, entities, successors in interest and private companies doing business under assumed names, shell companies, or alter egos of the listed Defendant.

## V.
## FACTS

11. This is a simple case arising from a homeowner association, developer, and management company failing to warn others of a dangerous condition Defendants had knowledge of.

**Plaintiff's Original Petition -- Page 3**

Copy from re:SearchTX

12. On June 12, 2021, Defendants were in possession and/or control of the premises when Mr. Hansen was invited to recreationally use the biking trails that were part of his homeowner community. Unknown to Mr. Hansen, Defendants had failed to properly care for the recreational area. This included but was not limited to failing to monitor or address a drainage problem caused by a water leak and/or sewage leak. Upon information and belief, neither leak was cleaned or addressed and the sidewalk on the trail remained wet and slick as a result. The sidewalk remained covered with water or another substance to the point that it became stained.

13. Mr. Hansen was riding his bike and crossed the area that was wet and slippery. Not surprisingly, Plaintiff's bike slipped out from under him and Plaintiff hit the ground and immediately knew his arm was broken.

14. Mr. Hansen soon learned that he wasn't the first person to fall at that location and that complaints of the condition of the same location had been made to Defendants.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANTS

### NEGLIGENCE

15. Plaintiff restates and incorporates the allegations contained in the preceding paragraphs.

16. Defendants owed duties to exercise ordinary care in the maintenance of their premises. Defendants owed duties to not create or leave unreasonably dangerous conditions on the premises, and to not cause foreseeable injuries to future residents and users of the premises.

17. Defendants breached their duties in all or some of the following ways:

   a. By failing to mitigate a drainage problem causing a dangerous condition;

   b. By failing to adequately clean the area at or near the leak causing a dangerous condition;

   c. By failing to warn others of the dangerous condition it had created;

   d. Defendants failed to act as reasonably prudent owner and management company would under the same or similar circumstances.

18. Each of these acts and omissions proximately caused the occurrence in question and Plaintiff's damages.

## PREMISES NEGLIGENCE

19. Plaintiff restates and incorporates the allegations contained in the preceding paragraphs. In addition to the above or in the alternative, Plaintiff will show as follows.

20. Defendants were in control of the premises at the time that a latent, unreasonably dangerous condition was created.

Copy from re:SearchTX

21. Mr. Hansen was an invitee on the premises at the time of the occurrence in question

22. Defendants created an unreasonably dangerous condition. Additionally, or in the alternative, Defendants knew or should have known about the latent, unreasonably dangerous condition.

23. Defendants breached their duties by failing to make the premises safe from unreasonably dangerous conditions and by failing to adequately warn foreseeable users/invitees of the unreasonably dangerous conditions on the property prior to the occurrence in question.

24. Defendants' breach of their duties proximately caused the occurrence in question and Plaintiff's damages.

## NEGLIGENT UNDERTAKING

25. To the extent that duties under ordinary negligence or premises negligence do not otherwise exist, Defendants undertook to perform services and knew or should have known that the application of ordinary care during the performance of those services was necessary for the protection of foreseeable users of the premises such as Mr. Hansen.

Copy from re:SearchTX

26. Defendants failed to use ordinary care in the performance of their services they undertook in all or some of the following ways:

    a. Defendants failed to adequately inspect their property and failed to remedy the defects located on the property;

    b. Defendants failed to warn others of the dangerous condition on the property;

    c. Defendants allowed the wet portion of the sidewalk become a latent defect by allowing it to become covered in a film; and

    d. Defendants failed to act as a reasonably prudent management company, developer, and/or homeowner association would under the same or similar circumstances.

27. Defendants' negligent performance of the services it undertook increased the risk of harm to Plaintiff and/or Plaintiff relied upon Defendants' performance of its services to his detriment.

28. Defendants' negligent performance of the services it undertook was a proximate cause of the occurrence in question and Plaintiff's damages.

## VII.
## DAMAGES

29. As a result of the incident described herein, Plaintiff has incurred medical expenses in the past and in all reasonable probability such medical expenses will continue in the future.

30. Plaintiff has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

31. Plaintiff has experienced physical pain and suffering in the past and in all reasonable probability such physical pain and suffering will continue in the future.

32. Plaintiff has experienced physical impairment in the past and in all reasonable probability will suffer physical impairment in the future.

33. Plaintiff has experienced physical disfigurement in the past and in all reasonable probability will suffer physical disfigurement in the future.

34. Plaintiff has experienced lost wages in the past and in all reasonable probability will suffer lost wages or lost earning capacity in the future.

## VIII.
## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

35. Plaintiff claims interest in accordance with TEXAS FINANCE CODE §304.001 *et seq.* and any other applicable law.

## IX.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein and upon final hearing of this cause, Plaintiff

**Plaintiff's First Amended Petition** -- Page 8

Copy from re:SearchTX


has judgment against Defendants, jointly and severally, for damages described herein, for costs of suit, pre-judgment and post judgment interest permitted by law, and for such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**SCOTT H. PALMER, P.C.**

*/s/ Paul Green*

_____
PAUL E. GREEN
State Bar No. 24081405
GRANT K. GERLEMAN
State Bar No. 24083065
SCOTT H. PALMER
State Bar No. 00797196

15455 Dallas Parkway, Suite 540
Addison, Texas 75001
Telephone:   214.987.4100
Facsimile:   214.922.9900
grant@scottpalmerlaw.com
paul@scottpalmerlaw.com
scott@scottpalmerlaw.com
e-service:
heather@scottpalmerlaw.com

ATTORNEYS FOR PLAINTIFF